UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL E. BROWN, JR., ) | CASE NO. 5:12 CV 2180 |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ELINORE MARSH STORMER, Judge, et al., ) | AND ORDER |
| Defendants ) | |

This 42 U.S.C. § 1983 action was filed on August 24, 2012 by Michael E. Brown, Jr., an inmate at the Belmont Correctional Institution, against the following defendants: former Akron Municipal and current Summit County Court of Common Pleas Judge Elinore Marsh Stormer, Akron Municipal Court Judge Annalisa Williams, City of Akron Court Administrator Glyniss Miller, City of Akron Police Officer Howard H. Vaughn, Jr., Attorney Paul Adamson, Attorney Walter T. Madison, Attorney Job E. Perry, and Attorney Noah Munyer.

The thrust of the complaint is a challenge to Mr. Brown's April 2012 conviction in the Summit County Court of Common Pleas for retaliation, resisting arrest, disorderly conduct, and aggravated menacing. See *State v. Brown*, Summit County Court of Common Pleas No. CR-2011-03-0741, http://cpclerk.co.summit.oh.us/CaseDetails.asp?CaseID=C2011030741. In particular, he alleges in the complaint that: exculpatory evidence was altered, there was collusion to conceal evidence, evidence was falsified, a court transcript in a previous, 2007 case was altered with the collusion of his attorneys, and that his attorneys otherwise performed poorly in many respects. See, ECF Doc No 1. Mr. Brown seeks "immediate release" from incarceration, removal of all criminal charges and convictions in which Defendant Vaughn was involved, and damages in excess of $23 million. See, ECF Doc No 1.

Before the court is a Motion to Dismiss filed on behalf of Defendant Judges Stormer and Williams (ECF Doc. # 12), a Motion to Dismiss filed by Defendant Adamson (ECF Doc. # 17), and

the following motions filed by Mr. Brown:  Motion for Extension of Time (ECF Doc. # 16), Motion to Amend Complaint (ECF Doc. # 18),  Motion to Stay (ECF Doc. # 19) AND Motion Declaratory Decree (ECF Doc. 21).

The one-page Motion to Stay "acknowledges that civil matter 5:12 CV 2180 ... was filed prematurely."  The Motion goes on to request that this case be stayed pending Mr. Brown's successful pursuit of his state criminal post-conviction remedies.  He seeks a stay to insure that he will not be precluded by a statute of limitations from seeking relief in the future.

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).  Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Plaintiff's Motion for Stay appears to readily acknowledge he cannot set forth a valid claim based on the facts alleged, nor can he obtain the relief he seeks, unless and until he successfully challenges his conviction.  Further, any such claim would not accrue for statute of limitations purposes until his conviction is invalidated by one of the means set forth in *Heck, supra*.  There would thus be no purpose in staying this matter.

Accordingly, this action is dismissed without prejudice. Further, the court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: January 8, 2013               *s/   James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE